## (May 31, 1984)

■ FIRST COMMERCIAL BANK, Appellant, v GOTHAM ORIGINALS, INC., et al., Respondents. — Judgment entered November 23, 1983, Supreme Court, New York County (Arthur E. Blyn, J.), which denied appellant's application for a judgment pursuant to CPLR 6221 and dismissed the petition, reversed, on the law, the petition is granted and the matter is remanded for entry of a judgment in accordance with this decision, with costs. ¶ We first note that "law of the case" is not established by the denial of summary judgment in a previous lawsuit, since factual issues may well have precluded an assessment of the applicable law. In any event, we are not bound by "law of the case" precepts and we exercise our discretion to reach the merits of this matter. ¶ Respondent Bank Leumi issued a letter of credit (an irrevocable document by its terms) upon application of respondent Gotham. Petitioner was designated the "advising" bank. On September 10, 1981, one of the manufacturers with whom Gotham had contracted, and a "transferee" of the letter of credit, negotiated to petitioner signed drafts at 60 days' sight, drawn upon the letter of credit. Petitioner forwarded the drafts to Bank Leumi for payment, and by letter of September 24, 1981, respondent advised petitioner that the drafts were accepted and that payment according to the terms (i.e., in 60 days) would be made on November 23, 1981. ¶ This did not occur, however, because Gotham subsequently brought an action against its various manufacturers in Supreme

Court and there secured an order, served on Bank Leumi on October 30, 1981, enjoining and restraining transfer of "letter of credit No. 5671 or any monies or assets of defendants". By telex of November 2, 1981, respondent bank informed petitioner bank of the temporary restraining order and by telex 10 days later, asserted that order as a bar to its release of the funds. Although petitioner protested, respondent would not change its position. On June 7, 1982 an order of attachment issued in the Gotham litigation, directing the Sheriff to levy upon Bank Leumi as garnishee. ¶ Prior to the actual levy (which occurred on August 5, 1982), First National brought an action for nonpayment, to which Bank Leumi asserted the attachment order as a defense. First National moved for summary judgment, noting that, by operation of section 4-303 of the Uniform Commercial Code, there could be no defense to its action. By decision dated December 22, 1982 (entered as an order February 15, 1983), Special Term (per Ascione, J.) denied the motion without reaching the merits of the dispute. Instead, that decision merely stated that "Bank Leumi is bound by orders of this court [and] it may not — and indeed cannot — make payment to Commercial pursuant to its acceptance under the Letter of Credit." ¶ This action followed, a petition under CPLR 6221 for a determination that Bank Leumi "is obligated to make payment of the Drafts accepted by it" (by virtue of Uniform Commercial Code, § 4-303), and for an order vacating the attachments and voiding the Sheriff's levy. Special Term, by the order here applied from, denied and dismissed the petition upon the ground that no judgment had been entered in petitioner's first suit against Bank Leumi and that this was "a necessary predicate for any relief under CPLR 6221." The court also found the manufacturer defendants in the Gotham action were "necessary party respondents" in this proceeding. ¶ This was error and we reverse. CPLR 6221 states that "[p]rior to the application of property or debt to the satisfaction of a judgment, *any interested person* may commence a special proceeding *against the plaintiff* to determine the rights of adverse claimants to the property or debt" (emphasis supplied). Clearly, petitioner has a legally cognizable interest sufficient to give it standing (7A Weinstein-Korn-Miller, NY Civ Prac, par 6221.04) and petitioner has named Gotham in its petition in satisfaction of the second element. ¶ The merits of the petition, as noted by Special Term, are equally compelling. Section 4-303 of the Uniform Commercial Code states, in pertinent part: ¶ "(1) Any knowledge, notice or stop-order received by, legal process served upon or setoff exercised by a payor bank, whether or not effective under other rules of law to terminate, suspend or modify the bank's right or duty to pay an item or to charge its customer's account for the item, comes too late to so terminate, suspend or modify such right or duty if the knowledge, notice, stop-order or legal process is received or served and a reasonable time for the bank to act thereon expires or the setoff is exercised after the bank has done any of the following: ¶ "(a) accepted or certified the item * * * ¶ "(d) completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith or otherwise has evidenced by examination of such indicated account and by action its decision to pay the item". ¶ Bank Leumi's acceptance of the drafts, with the concomitant promise to pay on November 23, 1981, satisfied at least paragraph (a) and probably also paragraph (d) of subdivision (1). The prior decision denying summary judgment upon the ground that "Bank Leumi is bound by orders of this court" totally missed the point, that the attachment order came "too late." In other words, once Bank Leumi accepted the drafts and agreed to pay them, the letter of credit was extinguished and the moneys were thereafter held by Bank Leumi on account of First National. And since the attachment order only reached funds or assets of the named defendants in the Gotham litigation, the levy upon petitioner's funds was in excess of the

authority of the attachment order. ¶ Accordingly, petitioner is entitled to judgment declaring its rights to the funds and to an order nullifying the attachment and levy. Settle order. Concur — Murphy, P. J., Sandler, Sullivan, Carro and Kassal, JJ.